<u>**UNPUBLISHED**</u>

UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

**No. 06-4785**

UNITED STATES OF AMERICA,

                Plaintiff - Appellee,

        v.

BILLY DEE WILLIAMS,

                Defendant - Appellant.

**No. 06-4794**

UNITED STATES OF AMERICA,

                Plaintiff - Appellee,

        v.

WILLIAM BRIAN TORRENCE,

                Defendant - Appellant.

Appeals from the United States District Court for the Western District of North Carolina, at Charlotte.  Robert J. Conrad, Jr., Chief District Judge.  (3:04-cr-00296-1; 3:04-cr-00296-2)

Submitted:  February 14, 2008        Decided:  March 11, 2008

Before MOTZ, TRAXLER, and KING, Circuit Judges.

Dismissed in part; affirmed in part by unpublished per curiam opinion.

---

Leslie Carter Rawls, Charlotte, North Carolina; Eric J. Foster, LAW OFFICE OF RICK FOSTER, Asheville, North Carolina, for Appellants. Karen S. Marston, Adam Christopher Morris, OFFICE OF THE UNITED STATES ATTORNEY, Charlotte, North Carolina; Amy Elizabeth Ray, OFFICE OF THE UNITED STATES ATTORNEY, Asheville, North Carolina, for Appellee.

---

Unpublished opinions are not binding precedent in this circuit.

PER CURIAM:

William Brian Torrence and Billy Dee Williams appeal their sentences imposed after pleading guilty to conspiracy to possess with intent to distribute 1.5 kilograms or more of a substance containing cocaine base, in violation of 21 U.S.C. §§ 841 and 846 (2000) and knowingly and unlawfully using and carrying a firearm during and in relation to a drug trafficking crime, in violation of 18 U.S.C.A. § 924(c) (West 2000 and Supp. 2007). On appeal, Torrence argues that the district court erred by imposing a sentence "greater than necessary" to comply with the sentencing goals in 18 U.S.C.A. § 3553(a) (West 2000 and Supp. 2007). Williams argues that he received ineffective assistance of counsel at sentencing.

Prior to entering their guilty pleas, Williams and Torrence entered into plea agreements with the Government. The Government has filed a motion to dismiss their consolidated appeals based on their waiver of appellate rights in their plea agreements. For the reasons that follow, we grant the Government's motion with respect to Torrence's appeal, deny the motion with respect to Williams' appeal, and affirm the judgment of the district court with respect to Williams.

This court reviews the validity of a waiver de novo, United States v. Brown, 232 F.3d 399, 403 (4th Cir. 2000), and will uphold a waiver of appellate rights if the waiver is valid and the

issue being appealed is covered by the waiver. <u>United States v. Attar</u>, 38 F.3d 727, 731-33 (4th Cir. 1994). A waiver is valid if the defendant's agreement to the waiver was knowing and voluntary. <u>United States v. Marin</u>, 961 F.2d 493, 496 (4th Cir. 1992). Generally, if a district court fully questions a defendant regarding his waiver of appellate rights during the Fed. R. Crim. P. 11 colloquy, the waiver is valid. <u>United States v. Wessells</u>, 936 F.2d 165, 167-68 (4th Cir. 1991).

In a valid plea agreement, a defendant may waive the right to appeal under 18 U.S.C. § 3742 (2000). <u>See</u> <u>United States v. Wiggins</u>, 905 F.2d 51, 53 (4th Cir. 1990). An appeal waiver, however, does not preclude appeals: (1) for a sentence on the ground that it exceeds the statutory maximum or is based on a constitutionally impermissible factor such as race; (2) from the denial of a motion to withdraw a guilty plea based on ineffective assistance of counsel; or (3) concerning a violation of the Sixth Amendment right to counsel in proceedings following the guilty plea. <u>See</u> <u>United States v. Johnson</u>, 410 F.3d 137, 151 (4th Cir. 2005). In addition, a waiver of appellate rights cannot foreclose a colorable constitutional challenge to the voluntariness of the guilty plea. <u>See</u>, <u>e.g.</u>, <u>Attar</u>, 38 F.3d at 732-33 & n.2.

We have reviewed the record in this case and determine that the Appellants' pleas were knowing and voluntary. Thus, Torrence and Williams both waived their right to appeal, subject to the exceptions in the waivers and those provided by law.

Torrence argues that, because his sentence was "greater than necessary" to comply with the sentencing goals in 18 U.S.C.A. § 3553(a), his appeal is not barred by his waiver as he was sentenced beyond the maximum allowed by law. Torrence's argument is without support or merit. Accordingly, we grant the Government's motion to dismiss his appeal.

Unlike Torrence, Williams' claim of ineffective assistance of counsel at sentencing falls within a specifically enumerated exception to his appellate waiver. Thus, his appeal is not barred by his waiver. However, claims of ineffective assistance of counsel are not generally cognizable on direct appeal unless ineffective assistance "conclusively appears" on the record. See United States v. James, 337 F.3d 387, 391 (4th Cir. 2003). We have reviewed the record and do not find that it conclusively establishes that Williams' counsel was ineffective at sentencing. Accordingly, we grant the Government's motion with respect to Torrence's appeal, deny the motion with respect to Williams' appeal, and affirm the judgment of the district court with respect to Williams. We dispense with oral argument because the facts and

legal contentions are adequately presented in the materials before the court and argument would not aid the decisional process.

<u>DISMISSED IN PART</u>;
<u>AFFIRMED IN PART</u>
